IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MAURICE L. WILLIAMS,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Civ. N0 2:13-cv-1124
Crim. No. 2:08-cr-186(2)
Judge Sargus
Magistrate Judge King

## OPINION AND ORDER

On June 23, 2015, the Magistrate Judge recommended that Petitioner's *Motion to Vacate*, ECF No. 1450, and *Supplemental Motion*, ECF No. 1149, be denied and that this action be dismissed. *Report and Recommendation,* ECF No. 1518. Petitioner has filed objections to that recommendation. *Objection,* ECF No. 1521. Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* is **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. The motions to vacate are **DENIED** and this action is hereby **DISMISSED**.

Petitioner was convicted, following a jury trial, of operating a continuing criminal enterprise ("CCE"); conspiracy to distribute, possess with intent to distribute, and to distribute more than 5 kilograms of cocaine; conspiracy to distribute, possess with intent to distribute, and to distribute more than 50 kilograms of marijuana; possession of a firearm in furtherance of a drug trafficking crime; and 25 counts of the use of a telecommunication device to facilitate a drug transaction. Petitioner alleges that he was denied the effective assistance of trial counsel because his counsel failed to challenge Count 1 of the *Superseding Indictment* as constitutionally invalid. In this regard, he specifically argues that the *Superseding Indictment* failed to provide

1

him notice of the elements of the charge because it did not include an individual charge of distribution or possession of narcotics and because it did not indicate the nature or quantity of the substances underlying the charge. *See Objection*, PageID# 7314-15. He also alleges that his CCE conviction violates *Richardson v. United States*, 526 U.S. 813 (1999). Petitioner also alleges that his trial counsel was ineffective because he failed to call Antwan Lewis and Horace Dickens as defense witnesses and because his attorney failed to provide him with a copy of the transcripts of his wiretapped conversations. Petitioner also asserts a claim under *Blakely v. Washington*, 542 U.S. 296 (2004). In objecting to the recommendation that his claims be dismissed, Petitioner disagrees with the reasoning of the Magistrate Judge in all respects, and specifically argues that, had his attorney challenged the adequacy of the *Superseding Indictment*, the government could not have employed a "shotgun approach," or constructively amended the *Superseding Indictment*. Finally, Petitioner contends that an evidentiary hearing is required to resolve his claims. *Objection*, PageID# 7315-16.

The Court is not persuaded by Petitioner's arguments. The *Superseding Indictment* provided adequate notice of the elements of the CCE charge sufficient to enable Petitioner to defend against that charge. The CCE count tracked the language of the statute and identified all essential elements of the charge. It referred to a "continuing series" of drug offenses, *i.e.*, "distribution and possession with intent to distribute cocaine and marijuana" that occurred between January 1, 2000, and February 26, 2009. *Superseding Indictment*, ECF No. 33, PageID# 58-59. Furthermore, other counts of the *Superseding Indictment* charged conspiracies to commit drug trafficking offenses as well as substantive drug offenses that allegedly occurred in the Southern District of Ohio during this time period. The government was not required to separately charge Petitioner with unlawfully distributing or possessing with the intent to

2

distribute cocaine or marijuana in order to provide adequate notification of the CCE charge or to establish Petitioner's guilt on that charge. The record does not indicate a basis on which defense counsel could have successfully challenged the *Superseding Indictment* or that the government constructively amended the *Superseding Indictment*.

The Court is also not persuaded that Petitioner's convictions violate the Supreme Court's decision in *Richardson v. United States*, 526 U.S. 813, which held that the jury in a CCE case must unanimously agree not only that the defendant committed some continuing series of violations, but also about which specific violations make up that continuing series. The jury in Petitioner's case unanimously convicted Petitioner on all of the other charges against him involving the underlying predicate acts; the jury therefore necessarily unanimously agreed to all of the same felonies constituting the predicate offenses underlying the CCE count.

As for Petitioner's claim that his attorney should have called Antwan Lewis and Horace Dickens as defense witnesses, the Court need not hold a hearing to determine this claim. Petitioner points to no evidence in the record indicating that Dickens was available at the time of trial or that his testimony would have assisted the defense; the proffered testimony of Lewis would not have called into question Petitioner's guilt.

Likewise, an evidentiary hearing is not required to resolve Petitioner's that his attorney should have provided him with copies of transcripts of wiretapped conversations. The record plainly reflects that Petitioner cannot meet the two-prong test of ineffective assistance of counsel in this regard. *See Strickland v. Washington*, 466 U.S. 668 (1984).

Finally, this Court agrees with the reasoning of the Magistrate Judge that Petitioner's conviction and sentence on Count 1 of the *Superseding Indictment* does not violate *Blakely*.

For all these reasons, and for the reasons reflected in the *Report and Recommendation*, Petitioner's *Objection*, ECF No. 1521, is **OVERRULED**. The *Report and Recommendation*, ECF No. 1518, is **ADOPTED** and **AFFIRMED**. The motions to vacate are **DENIED** and this action is hereby **DISMISSED**.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

EDMUND A. SARGUS, JR.
United States District Judge

DATE: 9-28-2015