#### UNITED STATES DISTRICT COURT
#### SOUTHERN DISTRICT OF OHIO
#### EASTERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

**MAURICE L. WILLIAMS,**

    **Defendant.**

Case No. 2:08-cr-186(2)

JUDGE EDMUND A. SARGUS, JR.

#### OPINION AND ORDER

The matter before the Court is Defendant Maurice Williams' Motion to Modify Sentence. (ECF No. 1593). The Government supports the Defendant's Motion to reduce his sentence. (ECF No. 1594). The request is well taken.

For his crimes, this Court sentenced Mr. Williams to a total of 30 years of imprisonment. In Count 1, Mr. Williams received a sentence of 25 years for operating a continuing criminal enterprise in violation of 21 U.S.C. § 848(a). In Count 31, Mr. Williams received a sentence of five years (to run consecutively) for possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). On the numerous remaining counts, Mr. Williams received sentences of four years (running concurrently) for using a communication facility in the commission of a felony in violation of 21 U.S.C. § 843(d)(1). Once Mr. Williams' total term of imprisonment is complete, he then will undergo a five-year period of supervised release. (ECF No. 1241). Preceding this Order Mr. Williams was scheduled to be released from prison on July 20, 2035. He is currently 45 years old. Through his Motion, Mr. Williams requests this Court modify his sentence on Count 1 from 25 years to 20 years. This will change his total sentence from 30 years to 25 years.

Pursuant to 18 U.S.C. § 3582(c)(1)(A) this Court has the authority to reduce a term of imprisonment, provided the statute's "substantive requirements" are met. *United States v. Ruffin*, 978 F.3d 1000, 2020 U.S. App. LEXIS 33689, at *9 (6th Cir. 2020). First, this Court must find that "extraordinary and compelling reasons warrant such a reduction." *Id.* (citing § 3582(c)(1)(A)). Second, the Court must find "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at *11. The Court has "full discretion to define 'extraordinary and compelling' without consulting the policy statement U.S.S.G. § 1B1.13" when an incarcerated person files the motion, as is the case here. *United States v. Jones*, No. 20-3701, slip op. at 16 (6th Cir. Nov. 20, 2020). Third and finally, if the Court finds that extraordinary and compelling reasons exist, the Court must consider the sentencing factors set forth in § 3553(a) before granting the reduction. *Ruffin*, 2020 U.S. App. LEXIS 33689, at *12. This last step gives the Court "substantial discretion" in deciding whether to reduce or modify a sentence. *Id.*

Mr. Williams' commitment to rehabilitation, and his decision to use his voice and his past to guide others toward a better path, are together an extraordinary and compelling reason to reduce his sentence. Over the years, Mr. Williams has taken full advantage of the treatment and educational programs offered at his prison facility. And, not only has Mr. Williams dedicated himself to self-betterment, he has also dedicated himself to helping others. A young man, and CEO of the nonprofit Know Ur Worth, wrote to this Court about the powerful impact Mr. Williams had on the nonprofit's youth members. Both on his own and through his participation in various community-based organizations Mr. Williams has become a strong voice against violence and drug abuse in his community.

Moreover, Mr. Williams' request for sentence reduction of five years is reasonable and remains consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a). Taking into account

the changed circumstances, the adjusted total sentence of 25 years fairly reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, and avoids unwarranted sentencing disparities.

Therefore, Mr. Williams' Motion to Modify Sentence, (ECF No. 1593), is **GRANTED**. On Count 1, Mr. Williams' sentence of imprisonment is reduced from a term of 25 years to a term of 20 years. All other aspects of the Court's judgement remain unchanged.

**IT IS SO ORDERED.**

2/17/2021                       s/Edmund A. Sargus, Jr.
**DATE**                          **EDMUND A. SARGUS, JR.**
                                   **UNITED STATES DISTRICT JUDGE**