UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MAURICE L. WILLIAMS,

    Defendant.

Case No. 2:08-cr-186(2)
JUDGE EDMUND A. SARGUS, JR.

## OPINION AND ORDER

This matter arises on Defendant Maurice Williams': (1) June 2021 Motion for a Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (the "Second Motion to Reduce") (ECF No. 1597); (2) March 2022 Motion for a Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (the "Third Motion to Reduce") (ECF No. 1604); and (3) May 2022 Motion to Compel the Government to Respond (the "Motion to Compel") (ECF No. 1610). The government has responded in opposition Mr. Williams' Second Motion to Reduce. (ECF No. 1607.) It has yet to respond to the third.

For the reasons stated herein, the Court **DENIES** Mr. Williams' First and Second Motions to Reduce (ECF Nos. 1597, 1604) and **DENIES AS MOOT** Mr. Williams' Motion to Compel (ECF No. 1610).

### I. BACKGROUND

On April 1, 2010, a jury convicted Mr. Williams on Counts One through Twenty-One and Counts Twenty-Four through Thirty-Two of his Indictment. (ECF No. 979.) On October 26, 2010, this Court sentenced Mr. Williams to thirty years of imprisonment followed by five years of supervised release. Twenty-five years of Mr. Williams' aggregate prison sentence stemmed from his conviction on Count One, which charged him with operating a continuing criminal enterprise in violation of 21 U.S.C. § 848(a). The remaining five years stemmed from his Count Thirty-One

1

conviction, which accused him of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). On his remaining convictions, this Court imposed numerous four-year sentences, all of which were to run concurrently with his aggregate sentence.

### A. Mr. Williams' First Motion to Reduce

On January 14, 2021, Mr. Williams moved pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) to reduce his Count One sentence by five years (Mr. Williams' "First Motion to Reduce"). (ECF No. 1593.) That motion was granted on February 17, 2021. (ECF No. 1595.) As a result, Mr. Williams' Count One conviction was reduced to the mandatory minimum of twenty years. *See* 18 U.S.C. § 848(a). His Count Thirty-One sentence—which, likewise, reflects the statutory minimum under § 924(c)(1)(A)—went untouched.

### B. Mr. Williams' Second and Third Motions to Reduce his Sentence

On June 10, 2021, and, later, March 15, 2022, Mr. Williams filed, respectively, his Second and Third Motions to Reduce. (ECF Nos. 1597, 1604.) The next day, the government responded in opposition to Mr. Williams' Second Motion to Reduce. (ECF No. 1607.)

## II. SECOND MOTION TO REDUCE

In his Second Motion to Reduce, Mr. Williams, proceeding *pro se*, requests an additional reduction to his Count One sentence pursuant to Amendment 782 of the United States Sentencing Guidelines Manual (the "U.S.S.G." or "the Guidelines"). Amendment 782, which came into effect on November 1, 2014, "revised the guidelines applicable to drug-trafficking offenses by reducing the offense levels assigned to the drug and chemical quantities described in guidelines 2D1.1 and 2D1.11" by two levels. *United States v. Dorsey*, No, 2:09-CR-045, 2015 WL 2228210, at *1 (E.D. Tenn. May 12, 2015); U.S.S.G. § 2D1.1, 1.11. Mr. Williams argues that, pursuant to § 3252(c)(2),

2

his total offense level—and, accordingly, his term of imprisonment—should be lowered to reflect this reduction.

> Section 3582(c)(2) states the following:
>
> The court may not modify a term of imprisonment once it has been imposed except . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

As the government notes, a defendant's term of imprisonment is not eligible for reduction under § 3582(c)(2) in certain instances—namely, when "an amendment listed in subsection (d) [of U.S.S.G. § 1B1.10] is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (*e.g.*, *a statutory mandatory minimum term of imprisonment*)." U.S.S.G. § 1B1.10 app. note 1(A) (emphasis added).

Mr. Williams has already been sentenced to the statutory minimum for both of the convictions that underlie his sentence (*i.e.*, Counts One and Thirty-One). Statutory minimums, as noted above, are not disturbed by U.S.S.G. amendments. *See United States v. McPherson*, 629 F.3d 609, 611 (6th Cir. 2011) (holding that the defendant, who received a 108-month sentence, had "not in fact [been] sentenced based on a Guidelines range that was subsequently reduced" by U.S.S.G. Amendment 706 because "his sentence was based on the [240–month] mandatory minimum imposed by 21 U.S.C. § 841(b)(1)(A), which remained unchanged by Guidelines Amendment 706") (quoting *United States v. Johnson*, 564 F.3d 419, 423 (6th Cir. 2009) (internal quotation marks omitted)). Thus, Amendment 782 did not lower Mr. Williams' "applicable

3

guideline range"—meaning, in turn, that he is not eligible for a sentence reduction under § 3582(c)(2). *See id.*; U.S.S.G. § 1B1.10 app. note 1(A).

Accordingly, Mr. Williams' Second Motion to Reduce is **DENIED**. (ECF No. 1597.)

### III. THIRD MOTION TO REDUCE

As noted, Mr. Williams has also moved for a sentence reduction pursuant to § 3582(c)(1)(A)(i). He offers this Court two separate reasons to reduce his sentence under this provision: (1) the uptick of COVID-19 cases in his prison facility, FCI Yazoo City Medium ("FCI Yazoo"); and (2) the Supreme Court of the United States' decision in *Dean v. United States*, 137 S. Ct. 1170 (2017). Neither reason is persuasive.

**A. Section 3582(c)(1)(A)(i)**

Section 3582(c)(1)(A)(i) permits courts to modify a term of imprisonment if:

(A) the court, upon motion of the Director of the Bureau of prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendants' facility, whichever is earlier . . . [and] after considering the factors set forth in section 3553(a) to the extent that they are applicable . . . it finds that—

(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Generally, motions filed pursuant to § 3582(c)(1)(A)(i) are referred to as motions for "compassionate release." As the United States Sixth Circuit Court of Appeals explained in *Ruffin*, to grant relief on these motions, a court must satisfy itself of "three substantive requirements." *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). *First*, it must initially find that "extraordinary and compelling reasons" warrant a reduction of a petitioner's sentence. *Id.* (citing § 3582(c)(1)(A)). *Second*, it must find "that such a reduction is consistent with applicable policy

4

statements issued by the Sentencing Commission." *Id.* at 1005. *Third*, it must consider the sentencing factors set forth in § 3553(a). *Ruffin*, 978 F.3d at 1005.

As Mr. Williams notes, "[i]n cases where incarcerated persons file motions for compassionate release," district courts may "skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement [U.S.S.G.] § 1B1.13." *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020). Moreover, at the last step, courts maintain "substantial discretion" in deciding whether to reduce or modify a sentence. *Ruffin*, 978 F.3d at 1005.

Mr. Williams requested the warden of FCI Yazoo to file a motion for compassionate release on his behalf on December 21, 2021. (ECF No. 1604 at PageID #7683.) More than thirty days have lapsed since this request was made, and no such motion by the warden has been filed. Thus, the Court has the authority to decide Mr. Williams' Third Motion to Reduce. *See* 18 U.S.C. § 3582(c)(1)(A).

### B. Mr. Williams Has Not Provided this Court an "Extraordinary or Compelling Reason" to Reduce His Sentence Any Further

#### 1. COVID-19

Mr. Williams first submits that his correctional institution, FCI Yazoo, has been "locked down since the 26th of December as a result of the rise of COVID cases," and that he is particularly vulnerable to the disease given (1) his age (forty-six); and (2) his weight. As to the latter condition, Mr. Williams notes that he has a Body Mass Index which exceeds the "safe level" recognized by the Center for Disease Control. (ECF No. 1604 at PageID #7678). He does not specify his weight, or whether he possesses any other comorbidity that would put him at risk for the disease. Nor does Mr. Williams specify the existence of any mitigating factors—namely, whether he is vaccinated.

Nevertheless, Mr. Williams contends that his health situation is dire enough to warrant his immediate release.

FCI Yazoo, as Mr. Williams notes, does appear to have suffered a particularly severe COVID-19 outbreak.[1] Nevertheless, at present, there do not appear to be any active cases,[2] and the facility has resumed "Level 1 Operations," which requires: (1) a medical isolation rate of less than two percent; (2) more than sixty-five percent of the facility's population to be vaccinated; and (3) the facility's "community transmission rate" to be less than "50 per 100,000 over the last 7 days."[3]

Accordingly, based on the information currently before it, the Court cannot say that the COVID-19 virus constitutes a sufficiently "extraordinary and compelling reason" to terminate Mr. Williams' prison sentence.

### 2. *Dean v. United States*

Mr. Williams highlights the Supreme Court's decision in *Dean* as a separate reason to reduce his aggregate sentence. (ECF No. 1604 at PageID #7679-82.) *Dean* involved a defendant, Levon Dean, Jr., who was convicted on multiple robbery counts, one count of possessing a firearm as a convicted felon, and two counts of possessing and aiding and abetting the possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §§ 2 and 924(c). At sentencing, Dean faced a 30-year minimum sentence for his § 924(c) convictions alone. *Id.* at 1175. He thus urged the district court to take this lengthy mandatory sentence into account as it crafted sentences for the "crime[s] of violence" which underpinned his § 924(c) convictions (*i.e.*,

---

[1] As of March 30, 2022, 916 of the facility's 1,440 inmates—nearly seventy percent of the facility's population—have tested positive for, and recovered from, the disease. Federal Bureau of Prisons, *Covid-19 Cases*, https://www.bop.gov/coronavirus/.
[2] *Id.*
[3] Federal Bureau of Prisons, *COVID-19 Modified Operations Plan & Matrix*, https://www.bop.gov/coronavirus/covid19_modified_operations_guide.jsp.

his "predicate" offenses). *Id.* The district court declined to do so, citing its belief that § 924(c) compelled it to fashion sentences for Dean's "predicate" offenses in isolation—that is, without consideration for the 30-year sentence it was already required to impose. *Id.*

The *Dean* Court soundly rejected this interpretation. *Id.* at 1176-78. It noted, specifically, that "nothing in the law" precludes district courts from considering a defendant's mandatory § 924(c) sentence when crafting a sentence for his or her "predicate" offense (*i.e.*, "on the front end"). *Id*. "Whether the sentence for the predicate offense is one day or one decade," the Court held, "a district court does not violate the terms of § 924(c) so long as it imposes the mandatory minimum 'in addition to' the sentence for the violent or drug trafficking crime." *Id.* at 1177.

Mr. Williams appears to argue that *Dean* provides an "extraordinary and compelling reason" for this Court to reconsider (and ultimately reduce) the sentence it imposed for his § 848(a) conviction (Count One), which predicated his § 924(c) conviction (Count Thirty-One). (ECF No. 1604 at PageID #7678-79.) It does not. As the *Dean* Court recognized:

> Section 924(c) does more than create a distinct offense. It also mandates a distinct penalty, one that must be imposed "*in addition to* the punishment provided for [the predicate] crime of violence or drug trafficking crime." § 924(c)(1)(A) (emphasis added). A first-time offender under § 924(c) receives a five-year mandatory minimum.
>
> . . .
>
> A sentence imposed under § 924(c) must run consecutively to "any other term of imprisonment imposed on the person," including any sentence for the predicate crime "during which the firearm was used, carried, or possessed."

*Dean*, 137 S.Ct. at 1174.

Mr. Williams sentences, as noted, are the absolute minimum that can be imposed. Undoubtedly, they are still lengthy. But they are still statutorily required. *Dean* did not change that. Nor did it change this Court's mandate to impose Mr. Williams' § 924(c) sentence "in addition

7

to" his §848(a) sentence. *Dean*, 137 S.Ct. at 1174, 1177. For that reason, Mr. Williams' argument is not well taken.

Accordingly, because Mr. Williams has not offered this Court an "extraordinary and compelling" reason to reduce his sentence,[4] his Third Motion to Reduce is **DENIED**. (ECF No. 1604.)

## IV. MOTION TO COMPEL

On February 25, 2022, this Court ordered the government to respond to Mr. Williams' Second Motion to Reduce within twenty-one days (the "Order"). (ECF No. 1603.) The government did so on March 16, 2022. (ECF No. 1607.) Mr. Williams nevertheless argues that the government has "failed to comply" with this Court's Order and moves to compel a response. (ECF No. 1610.) But the government has already fulfilled its obligation. Thus, Mr. Williams' motion is **DENIED AS MOOT**. (*Id.*)

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Mr. Williams' Second and Third Motions to Reduce (ECF Nos. 1597, 1604) and **DENIES AS MOOT** Mr. Williams' Motion to Compel (ECF No. 1610).

**IT IS SO ORDERED.**

**9/26/2022**  s/Edmund A. Sargus, Jr.
**DATE**  **EDMUND A. SARGUS, JR.**
  **UNITED STATES DISTRICT JUDGE**

---

[4] Even so, the Court, as before, commends Mr. Williams' continued dedication to rehabilitating himself and using his voice for good. (*See* ECF No. 1595) (granting Mr. Williams' First Motion to Reduce). It acknowledges, specifically, his continued participation in programs sponsored by the Bureau of Prisons; his lack of disciplinary record; and his commitment bettering the youth in his community. (ECF No. 1604 at PageID #7680-82.) While these developments, at present, do not provide the Court a sufficient basis to reduce his sentence any further than it already has, they are still very much important.